So the next case on our calendar set for this morning is the case of Stephen Eric Riley v. Scott Kernan, Secretary of Corrections and Rehabilitations. So we're ready to proceed with that case. Counsel, you're ready to begin. You may begin. Good morning, Your Honors, and may it please the Court. My name is Connor Brewer and I, along with my co-counsel, Ms. Hanal Dzhokovsky, represent the appellant, Mr. Stephen Riley, who is an inmate that appeared pro se in the District Court. I would also like to reserve five minutes for my co-counsel's rebuttal. This case is about an overly invasive and unconstitutional drug testing policy. It is not about the constitutionality of prison drug testing in general. In this prison, according to complaint, several prisoners are grouped together, stripped naked, and forced to urinate in front of each other, correctional officers, staff, and an open-air gym. Not only is Mr. Riley alleging that this is an unreasonable search under his Fourth Amendment, but that this also burdens his religious rights under his First Amendment. All that is required at this stage is that Mr. Riley allege plausible claims, and if what Mr. Riley alleges is true, which we must assume that it is at this stage, then he has raised serious constitutional concerns. All that Mr. Riley... Counsel? Hi, up here. So, I'm having a little hard time getting my arms around the claim. We're talking about the urine testing, and we're talking about at the moment a Fourth Amendment, but at any rate, that policy or that method of testing for drugs in prison is unconstitutional. That's your allegation, as I understand it. There are lots of RVRs in the record. I've looked at many of them. I'm trying to figure out whether your client has ever been requested to provide a urine sample in this open-air gym. He has. In his first submitted complaint on ER 545 and 546, he has specifically said that he can't do this in the open-air gym. He said that no samples are taken... Hold on, hold on. It's different to say that they are alleging other folks, and I know he submitted a declaration showing another prisoner has been asked to do this. Can you tell me specifically that he's been asked? Did he allege that in the district court? I believe when he is alleging that he is trying to be forced to go under this specific policy, which this policy is forcing inmates to go into this open-air gym, that he is saying that yes, they are trying to force him specifically into this situation. Okay. I don't want to spend a lot of time on this, but you think that allegation is made that he's been requested to comply outdoors as opposed to in the medical clinic or at his cell, and that I'm going to find that on ER 545, 546. Is that it? Yes. He said specifically that no samples are taken at medical, and the urinalysis custody staff collects the samples in an open-air gym. Okay. All right. I'm going to take that as... I think I might disagree with you about the allegations that were actually made in front of the district court, but it's not terribly productive today. So you've given me the sites, and let's go with that. Is it your contention then that... Or let's just say that on remand, he could amend to specifically plead that he's been subjected to this request that he submitted in that way. Can you tell me what is the applicable legal standard under the Fourth Amendment then, please? Yeah. Under the Fourth Amendment, the applicable legal standard is the reasonableness test that this court has laid out in cases like Thompson and Bird, which looks at the four factors, the scope, the manner conducted, the justification, and the place. And looking at Raleigh's allegations here, which he has said in his First Amendment complaint, he has alleged plausible claim that there has been a Fourth Amendment violation. Why? Why? Looking at reasonableness, especially comparing to other cases, this is a severe, way more severe, unreasonable policy than this court has examined in the past. If we look at... You're telling me legal conclusions, but really dig in if you would, please. Why is this particular method of testing unreasonable, please? It is unreasonable, as you state in the facts, because the prison is forcing prisoners into an open-air gym in groups, stripping them naked, and requiring them to urinate in front of each other, staff, and other correctional officers. So we're saying in that kind of group setting, it's not a one-on-one setting like this court has found reasonable in cases like Thompson. Okay. In that setting, we are saying that that makes it unreasonable here in a Fourth Amendment violation. If we look at the other cases, like Thompson, that is found where a one-on-one situation is needed, we are unclear of any justification for how this is the least restrictive means to further this kind of institutional policy. Now you just said least restrictive means. Where does that come in on a Fourth Amendment analysis? In Grumman versus Rushin, this court said that prisons must devise the least intrusive means to serve the state's interest in the prison security. Are you now talking about a First Amendment free exercise claim? Are you talking about your Fourth Amendment claim, Eighth Amendment claim? No, I'm still talking about the Fourth Amendment. It still applies in the Fourth Amendment regard. So can you go on to your... Is your Eighth Amendment claim, and then I'm going to get out open air testing? Yes, Your Honor. We are saying that under cases like Hudson versus Palmer, that's the kind of calculated harassment and kind of severe humiliation and harassment that could be a potential Eighth Amendment claim. On this point, and then I just want to... The amended complaint says a lot about the prison confiscating his prayer oil, and I don't see any attempt to defend that on appeal. I looked into that part of the record. It seems that, to save time, I'm going to paraphrase. Feel free to correct me, that the administrative records show that the prayer oil was confiscated because your client was found guilty of forging a signature, and this prayer oil was from a cannabis provider, not an authorized provider. That's my summary. What I really want to know is, is that part of your First Amendment claim on appeal that you're defending, or are we just going with the urine testing? No, Your Honor. We're just going urine testing. We have not argued for the prayer oils. Okay, got it. Thank you so much. Yes, no problem. Mr. Brewer, can I just ask you, you mentioned in your brief that if you were granted opportunity to further amend the Fourth and Eighth Amendment claims that you would further explain the intrusive and, I think, humiliating nature of search. I think it's how you put that, but you don't quite elaborate on this argument. Let me just ask you, what additional facts would you add in support of your Fourth and Eighth Amendment claims? Through a representation of Mr. Riley, we have learned that he has, as we put in our briefs, that there was a number specifically that the prison is putting 150 inmates into the open-air gym. He could further specify that number or the number of specific inmates. He did not specify a specific number in his First Amendment complaint. But I'm trying to figure out, because I did see that that might be something you would respond to, but wouldn't adding just that single factor render the futile under our case law? It seems that our case has established that ordering inmates to strip in front of other prisoners for drug testing purposes without more is reasonable. So I guess I'm trying to figure out how that would help. I do not believe it would be futile to add that. It would specifically go to the scope of the intrusion and the manner in which it's conducted, which adds to the unreasonableness analysis. And this court has not addressed an issue like this specifically. If we look at cases like Thompson, which is cited in all the briefs, that has addressed the reasonableness factors under the Fourth Amendment, that was a reasonable search. It was a one-on-one drug testing procedure where the inmate went into a stall and the correctional officer was eight inches away watching him. But there's no... But no, Mr. Abreu, in that case, that was a strip search of prisoners in front of other prisoners in a humiliating manner, and then they placed the prisoners for hours in a day room before forcing them to take a urine sample. I'm not quite sure your situation is a better fact scenario to show reasonableness or unreasonableness in this case. So if I read that case correctly, I think they were analyzing the strip search and the holding and the drug testing kind of in isolated incidents. And we're not saying that drug testing by itself or strip searching by itself is unconstitutional. We're saying that because here, all of this takes place within the drug testing setting where they strip search and strip them naked, force them to urinate in front of each other and such a large number of inmates, that that is why it's impacting the reasonableness analysis here. All right. Thank you. I think your time is up. Thank you, Your Honors. Good morning. I'm just waiting for the clock to stop, I guess. So, Blanca, you want to put up 15? There we go. There we go. Thank you. Good morning, Your Honors. Good afternoon, Judge Stein. May it please the court, Sarah Bratton, Deputy Attorney General on behalf of defendants' appellees. Despite two opportunities to allege a cognizable claim with clear instructions providing the elements he must plead to cure the deficiencies in his complaint, the appellant, Steven Riley, failed to state a claim and thus the district court properly dismissed this lawsuit. Counsel, obviously it was pro se below. Obviously, we are under instructions to construe pro se complaints liberally. I think the case law may even be stronger than that, let's say very liberally. The man is not educated in the law. So, shouldn't we be as deferential as possible to this complaint? Yes, Your Honor. The court must construe his allegations liberally and the district court did that and gave him a very detailed order stating everything, all the elements of the claims and what he must plead and gave him an opportunity to amend. Well, let me move you forward a little to the standing argument. If we are going to construe his complaint liberally, shouldn't we be construing a statement that he refused to give urine publicly standing to attack a prison policy that requires prisoners to give urine, strip naked and give urine publicly? Well, he never alleges that he had to publicly strip naked and provide urine. No, but the policy would require him to and he says his religion doesn't allow him to give genetic material, but he definitely says the policy would require him to and he didn't want to do it. Isn't that true? He says that there is not even a policy, but that Kernan allows CDCR agents to strip inmates naked and he doesn't mention his religion in either complaint. Those allegations come in his opposition to defendant's first motion to dismiss. No, I think you're right. I withdraw the part of the religion. Go ahead. If he were to allege I was subjected to this policy, he still hasn't alleged that that was for any reason other than safety and security and unreasonable under the Fourth Amendment. Let me ask you because I'm having a hard time. I think it's your position he does and he doesn't say it within the four corners of his complaint, but I'm having a hard time reconciling your arguments regarding the RLUPA and the free exercise claim and our decision in Walker versus Beard. You seem to be arguing that our review of Riley's allegations is limited to the four corners of the amended complaint and because he failed to state in the amended complaint what his religion was or how his beliefs were burdened that he failed to state a claim, but in Walker we held that the district court may look at other materials and that the pro se plaintiff filed and examples are like his declaration and brief in opposition to the motion to dismiss and you don't really address Walker in your briefing, so I just wanted you to help me understand why does the Walker standard not apply here? Yes, your honor. In Walker, the inmate did allege that he was an odinist and a devout racist in his complaint and that the specific policy of him having to share a cell with an inmate of a different race violated his religion and so the court then issued findings and recommendations dismissing that and in his objections that's when he added additional information to support his religious claim, but here we don't even have him alleging in his complaint this I practice this religion and this is why the belief is substantially burdened. Counsel, in order to answer Judge McGeeh's question, I think your problem is you did this in your briefing too. You're not distinguishing between his first complaint and his second complaint. I mean I don't think it's contested that he's made the allegations Judge McGeeh is referring to in opposition to the motion to dismiss the first complaint. He didn't reassert them in the opposition to the second motion to dismiss. Are you relying on that? Because you're not distinguishing. Well he doesn't I mean he was the court pointed out we can't take these these allegations in your opposition into consideration when we're looking at the propriety of the motion to dismiss so we'll give you a chance to amend. He still doesn't include any of those facts in his amended complaint so in either complaint Judge McGeeh's point is what about the opposition to the motion to amend? Why doesn't Walker require that we consider what he alleged there? That's what Judge McGeeh is asking. Well the court did I mean the the rule still is I mean Walker doesn't change the rule that the court has to consider only what's in the complaint. The court can consider like his allegations in the opposition when deciding whether to give him leave to amend which it did but um that's the first time to get that's the first time. What about this second time? Is it your position then when the judge decided to dismiss you know with prejudice the second time around that he doesn't have to look at what Mr. Riley said in the opposition to the first motion to dismiss? Is that what you're arguing? Well he had already considered the opposition to the first motion to dismiss and so he was after the court gave him leave to amend. We're not answering the question. Let me ask you um Ms. Ratten do you agree that if we can consider uh Riley's uh Mr. Riley's declaration and briefing below that he has sufficiently raised a claim under RLUIPA and the free exercise clause? No your honor and that that would be our second point. In his opposition what he says specifically is he's a practitioner of an ancient Egyptian religion um this is on ER 201 religious belief warns about giving away secret count i.e. genetics to corruption plaintiffs insincere religious belief Nubian pharaonics and that's on ER 210. That's all that he alleges and he and again all it's saying is he's been warned about giving away secret count and that doesn't rise to the level of a substantial burden on his religion. He hasn't pled any facts saying why that belief substantially burdens his religion um and but the district court didn't really get to address that part uh did it? I mean you're arguing that but the district court didn't really get to um analyze that or didn't analyze that did the court did not analyze that because he did not include those allegations in his complaint so they did note in a footnote on ER 5 um we see you've alleged you practice this ancient religion we will give you a chance to amend um to put those facts in the amended complaint yet he still doesn't do that when he amends his complaint so at that point the court had broader discretion to dismiss the lawsuit without leave to amend and it was correct in doing so because it had given him an opportunity and pointed out these need to be in the record and for whatever reason Mr. Riley did not um put that forth in the record. Counsel do you are you contesting or alleging um that the that the amended complaint does not include a claim for first amendment retaliation? So the amended complaint does um use words of retaliation and he does raise uh the issue of retaliation in the amended complaint but that wasn't raised in the initial complaint and so he was never given leave to amend to add new claims so we do uh it's our position that he did raise um allegations of retaliation in the amended complaint but one he wasn't um given leave to amend to raise those and two even those allegations do not state a retaliation claim in the amended complaint. Did the order of the district court permitting the amendment specifically state no new claims? Yes it did your honor. All right. And that uh that order is er 1 through 12 I believe um and it did and in even in the order dismissing the amended complaint with leave to amend or without leave to amend the court states any new claims brought must be brought in a separate lawsuit so they did tell him he had a different remedy um but he couldn't bring new claims that he wasn't given leave to amend in this lawsuit which is what the retaliation claim was. Right but that means though by definition by by your read that the original complaint doesn't say anything that suggests uh first amendment retaliation you know piling on the um RBRs and the and the discipline. Yes that's our position your honor it it he doesn't you know he uses the word retaliate and retaliation throughout the amended complaint but the initial complaint does not have any um language regarding retaliation he he. But I'm asking a different question about the first complaint forgive me for interrupting but I'm asking about it sounds like um I didn't see the word retaliation in the first complaint either um but in his original complaint he he does describe and this is what I'm trying to ask doesn't he describe the sequence of events where he continues to get um uh sort of layer after layer of discipline? Yes and and he refers to the fifth amendment and double jeopardy and so that was analyzed under that framework he doesn't state that he was given RBRs um because of any protected conduct and so um that's why there was no retaliation claim alleged in the in the initial complaint that was that went to his fifth amendment double jeopardy claim which is not being challenged on appeal. You didn't raise or your argument for the district court is that right? That's correct it was not uh before the district court. Why why why didn't why didn't you raise it before the district court? Um you know I I am not sure I I didn't handle the case below but um I think that for whatever reason they felt that we had strong defenses already and so um but this court again as you're aware can't affirm on any basis supported by the record and so. Could we get your response to um opposing counsel's allegation that the we of course have said um you're in testing in prison is constitutionally permissible but what he's alleging is different that the the method here that the scope um and I I agree with you there's no allegation anywhere before the district court about 150 people but let's just take it that uh that his representation opposing counsel's representation is that on remand he could allege that. Could we just talk about uh whether or not that would allege an either under the fourth amendment an unreasonable uh search or under the eighth amendment uh cruel and unusual punishment because of the the humiliation factor? Yes well addressing the fourth amendment claim first um just by adding the number of inmates that were subjected to this type of search would not state a fourth amendment claim necessarily because again it has to be unreasonable. There's no allegations and they don't allege that they could amend to allege allegations that it was for any reason other than safety and security um they don't allege that this was a recurring routine type of search and so just by adding the number doesn't necessarily um make it a cognizable claim um again and as your honor pointed out earlier um you have to there's other evidence in the record that shows that he was never subjected to this type of search. The RVRs he either failed to submit to urinalysis testing in his cell or in the facility C medical clinic and even the declaration of the other inmate that he provides and that inmate states he had to strip in a gym he doesn't state that he had to strip in a gym in front of other inmates and so um the court has to look at what is is plausible and that those allegations are not plausible. As far as the eighth amendment claim um you know he has to allegations to show that there was a subjective element that defendants were deliberately indifferent. There's no allegations and they don't allege any um on appeal to show that the defendants had any of this this uh subjective intent to to act deliberately indifferent towards him. He's not saying he was singled out for this type of testing and so even the allegations they allege on appeal would not be sufficient to state a claim. So if the court I see I'm almost out of time if the court doesn't have any other questions we would respectfully request that you affirm the district court's judgment and and dismissal as proper. Thank you. Thank you very much. You're you're muted Miss Jolkowski. Hi your honors um my name is Hannah Jolkowski. May it please the court um I'd like to start by addressing uh the religious issues you were discussing with Miss Bratton. Um Walker versus Beard does support our position that he did raise allegations to support a plausible religious freedom claim. Also um there's a case we cited Broom v. Bogan where this court stated that for pro se plaintiffs you can look at opposition briefings and papers outside of the four when deciding to give leave to amend or not. Counsel? But I think Miss I'm sorry Miss Bratton is is um arguing that um Mr. Riley didn't make enough of a statement or a broad statement regarding his religious belief in the four corners of the complaint. I think that's how she reads Walker which would allow uh the court to look at any supplemental for further it seems like for for further support of his religious belief. What's your response to that? Well he does name his religion Nubian Pharaonics in the opposition to the defendant's motion to dismiss um and this fact was not raised. Does he do that or is and is he required to put more in his original complaint or in the complaint the four corners of the complaint? He he can amend a complaint to allege that and um what Broom v. Bogan says is that. Did he do that here? Did he do that here in his original or his amended? He alleged that the urinalysis testing at the prison did violate his religion. He did not state any further facts in his first Monday complaint. However the district court then dismissed his complaint without without leave to amend which Broom v. Bogan says if there are any facts that show that he can make this plausible allegation to support his claim then it's abuse of discretion to dismiss without leave to amend and here there was the fact that his religion was Nubian Pharaonics in his opposition briefings and it was still dismissed. Counsel? Yeah. I'm just waiting for somebody to answer my question. The opposition briefing that you're describing is the opposition to the first motion to dismiss right? Yes your honor. So please answer Judge to dismiss to consider not only what he alleged in his opposition to that motion to dismiss but also what Mr. Riley alleged in his first in opposition to the first motion to dismiss. Is that your position? I believe that is what Walker states. I know that Walker stated as long as there are facts that support like a general nucleus of facts that support that claim then it on notice. Okay thank you. And there and he at least did state a very plausible RLUIPA claim where he did state that the prison's drug testing procedure was burdening his religious practice. Wait in the first complaint or in the second complaint? So he did not name RLUIPA by statute but if this court in Alvarez versus Hill. Counsel you don't have to name RLUIPA by statute. My question is which complaint are you talking about please? The first amended complaint. Okay so when we get to the second amended complaint please respond to opposing counsel's argument which is the judge said okay we're dismissing this complaint but without prejudice and you need to right in your second and your amended complaint you can only include no new claims. That's the state's argument. So claim in this in the amended complaint? I think when he raised this free exercise claim as an inmate in a state prison in his original complaint that was enough to put the state on notice of his very viable RLUIPA claim. That's what happened in Alvarez versus Hill. They said that RLUIPA was made in order to give these his religion was being burdened by the prison it was enough to put the defendants in the state on notice of his RLUIPA claim. Here's the problem I'm not trying to mince words with you between first amendment free exercise and RLUIPA. That is not my question. Okay I'm trying to figure out whether he permissibly or impermissibly expanded the scope of his claims. Understanding we're giving him a lot of deference. Okay yeah and so your your co-counsel has explained to me that the amended complaint talks a lot about prayer oil a lot about prayer oil and you're not pursuing that on appeal. So if we put ourselves in the shoes of the district court judge who was looking at the amended complaint is it your position that that amended complaint with the judge on notice that his continued claim was that the method of collecting these urine samples violated his prayer oils and the district court probably took that as his main religious gripe. I still think that his RLUIPA claim should have been the district court should have been aware of his RLUIPA claim because he was bringing these religious objections to the drug testing policy and the fact that he wasn't allowed to bring any new claims in his amended complaint as Judge Stein was saying he's a pro se plaintiff he has no he has no idea what possible claims there could be if he was allowed to if he was given leave to amend he he would be able to allege many more facts to support both a RLUIPA and a free exercise claim. If if possible I would like to touch upon the retaliation claim very briefly. The district court dismissed the the retaliation claim saying that the five up charges were typos. We would just like to point out that this typo happened five times and each time the typo ended up with a much more severe rule violation. We would like to see more factual discovery on that. So your time is up so is there anything you want to say in conclusion? No that's it your honors. All right thank you thank you all very much. We appreciate your your arguments here today. The case of Stephen Riley versus Scott Kernan is now submitted. Thank you all very much. We appreciate the the the students from Pepperdine who have assisted and volunteered in this case to take on this case and we're very grateful and Miss Bratton thank you also for the oral arguments. you
judges: Murguia, Christen, Stein